One year (50 issues) Payable in Advance........$15.00
Single Numbers ................................. .35

*When cash is mailed to us in advance 20 per cent discount*

### THE LAW ABSTRACT COMPANY

Office Editorial Rooms and Library
13916 Euclid Avenue, Cleveland, O.

Address all mail communications to
P. O. Box 2455, East Cleveland Sta.

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date to which their subscription is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

### No. 786

DOEHLER DIE CASTING CO. v. McNEELY

No. 19279. Supreme Court

On motion to certify. Dock. July 21, 1925; 3 Abs. 466.

480. EVIDENCE—May a jury base its verdict as to the cause of an injury entirely on hearsay evidence in workmen's compensation cases?

Mrs. Anna McNeely filed with the Industrial Commission for an award against the Doehler Die Casting Co., arising out of the death of her husband, as she claimed, from cerebral apoplexy, received during the course of his employment. The Commission found there was no medical evidence justifying the conclusion that McNeely had suffered a cerebral hemorrhage in the course of and as a result of his employment.

The case was appealed to the Lucas Common Pleas and a jury returned a verdict in favor of Mrs. McNeely. This judgment was affirmed by the Court of Appeals. The case is pending in the Supreme Court on a motion to certify, and it is there claimed by the Company:

That evidence by Mrs. McNeely that her husband was suffering from a cerebral hemorrhage due to his overheating himself while working for the company was pure hearsay. This it is claimed was told her by her husband. It is further claimed that McNeely worked for the company only one day, and that when he left for home that evening, he made no complaint that he was ill; and that he spoke to the foreman before leaving for home and appeared then to be in good health.

It is contended that unless the connection between the death of an employe and his employment is clearly shown in cases where death results from heart failure, cerebral hemorrhage or other similar ailments, employers will involuntarily and contrary to the spirit of the Workmen's Compensation Acts, be placed in a position of insurers of the lives and safety of employes.

The statement of McNeely that he was overcome by the heat, and indication by Mrs. McNeely that he was, at that time, suffering from a cerebral hemorrhage, is of no probative value whatsoever. Since McNeely was not a physician, this statement as to the cause of his disability is worthless, it is claimed.

It is urged that the court erred in admitting the hearsay evidence, and such evidence is inadmissible, particularly in cases where the Industrial Commission is not a party defendant, and since the Doehler Co. was a self insurer, the acts of the Commission should in no way be binding upon it.

It is claimed the jury was misled by the following instruction; "The mere fact that there is a fund for the payment of such a claim as this will not warrant the jury in finding in favor of plaintiff." This, it is argued, was prejudicial because it invited the jury to find against the Company on the theory that its verdict could not affect it, there being a fund from which the award would be paid.

Attorneys—Fraser, Heitt & Wall for Company; Conn & Holloway for McNeely; all of Toledo.

Note—OA. opinion will be found in 3 Abs. 559.

---

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

---

### Published in This Week's Abstract

**27. ACTION**

Where for money only, statute of limitations cannot be evaded by interposing statement that fraud and collusion took place. Demarcus v. Chesapeake & Ohio Ry. Co., OA. 3 Abs. 556.

**147. BILLS AND NOTES**

Does "notice of protest waived," written above signature of first endorser, deprive each successive endorser of legal rights possessed by an endorser which impose upon the holder of a note certain duties, as conditions precedent to the collection of a note from an endorser? Erhart et v. Sadgebury, OS. Pend. 3 Abs. 565.

So-called over payment on note of more than $100 than actual amount due, by one who would most naturally know of such over payment, is important factor in concluding misapprehension of facts on part of jury. Ingersoll v. Mitchell, OA. 3 Abs. 556.

**155. BLUE SKY LAW**

1. Taking of subscriptions before licensed so to do by commissioner, is violation of.

2. Not enacted for purpose of raising revenue, but for costs entailed by administration of the law. Corbett & Sons v. Warren Peo. Market Co., OA. 3 Abs. 555.

**211. CAUSE OF ACTION**

Does allegation that one is indebted to another state a cause of action or is it a mere conclusion of law? Willard Candy Co. v. Jones, OS. Pend. 3 Abs. 562.

**225. CHARGE TO JURY**

Refusal of court to charge that words "clearly proven" in 9391 GC. mean, "proven by a preponderance of the